IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session

## DANIEL B. TAYLOR v. DONAL CAMPBELL, COMMISSIONER, TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

Appeal from the Chancery Court for Davidson County
No. 99-948-I    Irvin H. Kilcrease, Jr., Chancellor

_____

No. M2000-00217-COA-R3-CV  - Filed July 31, 2000

_____

Daniel B. Taylor filed a petition for declaratory judgment against the Commissioner and several other employees of the Tennessee Department of Correction, alleging that he is entitled to various sentence reduction credits and that his sentence is void and illegal.  The trial court dismissed Taylor's petition.  We vacate the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery
Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Daniel B. Taylor, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; and Terri L. Bernal, Assistant Attorney General, for the appellees, Donal Campbell, Commissioner, Tennessee Department of Correction; Williams Keeling; Roland Colson; Faye Claud; Dinna Wilson; Wyema Helms; and Shirley Pluckett.

### OPINION

I.

Taylor is a prisoner in state custody, serving a life sentence for second degree murder.  In April, 1999, he filed the subject petition, alleging (1) that the Department miscalculated his sentence by failing to give him credit for time served in jail following his sentencing; (2) that he is entitled to good conduct and prisoner performance sentence credits; and (3) that his sentence is void and illegal because he should have been sentenced as an "Especially Mitigated Offender, Range 20%, plus a 10% Reduction of the minimum sentence."  In his petition, Taylor alleges that he had filed a petition for a declaratory order with the Department of Correction and that the petition was denied by the Department on March 3, 1999.

The Department filed a motion to dismiss and/or for summary judgment.[1]  The trial court dismissed Taylor's petition, finding as follows:

> Petitioner's reliance on a letter from respondents' attorney explaining his sentence reduction credits is not an agency denial of a petition for declaratory relief.  Therefore, Petitioner has not exhausted his administrative remedies and is accordingly not properly before this Court.

Taylor filed a motion to reconsider, which was also denied.  This appeal followed.

II.

Under the Uniform Administrative Procedures Act, an individual who desires to pursue a petition for declaratory judgment in court in order to challenge the validity or applicability of a statute, rule or order, must meet two requirements: (1) the complainant must first file a petition for a declaratory order with the appropriate agency and (2) the agency must refuse to issue a declaratory order.  T.C.A. § 4-5-225(b) (1998).  Taylor alleges that the Department denied his petition for a declaratory order in a letter dated March 3, 1999.  The subject letter is on Department of Correction letterhead and is signed by a "W.G. Lutche, Legal Assistant."  The letter states as follows:

> Your petition for a declaratory order has been referred to the Department of Correction, Office of the General Counsel by the Commissioner.  *I have been assigned to review your petition and respond on behalf of the Commissioner.*
>
> A review of your sentence structure by Sentence Information Services (SIS) personnel reveals that you are serving a Life sentence for a Class X felony.  Accordingly, you are required to serve 30 years to your Release Eligibility Date (RED), less Prisoner Sentence Reduction Credits (PSRC) *after* [emphasis in original] a signed waiver, effective 3/1/86.  Thus, your current sentence structure is valid and correct.
>
> For the reason stated above, *your petition for a declaratory order pursuant to T.C.A. § 4-5-223(a)(2) is refused and the department denies your petition.*

(Except as otherwise indicated, emphasis added).  The letter states that Taylor's petition for a declaratory order was reviewed and subsequently *denied by the Department*.  Accordingly, we find

---

[1] Since the trial court considered material "outside the pleading," *see* Tenn. R. Civ. P. 12.02, we have reviewed the trial court's judgment as one for summary judgment.  *Id*.

-2-

that there was an agency denial of Taylor's petition for a declaratory order as contemplated by T.C.A. § 4-5-225(b). Therefore, we find that the trial court erred in dismissing Taylor's petition based upon a failure to exhaust administrative remedies.

IV.

The judgment of the trial court dismissing Taylor's petition is vacated. Costs on appeal are taxed to the appellees. This case is remanded for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE